Mr. Justice Thacher
delivered the opinion of the court.
A slave, alleged to be the property of the plaintiff in error, was convicted of the offence of larceny, which was charged to have been committed while the slave was under the control of Potter, one of the defendants in error. Judgment for the costs of prosecution was entered up by the justice of the peace against the plaintiff in error, as the owner of the slave, and- execution issued thereon. The plaintiff in error sued out writs of certiorari and supersedeas, upon this judgment and execution, from the circuit court of Adams county, in which court the cause was stricken from the docket, on the ground of want of jurisdiction.
It is competent for the circuit court to take cognizance of a matter of this kind so far as the judgment for costs is concerned, and a case of the kind may be carried into the circuit court, from the judgment of' a justice of the peace, in any of the modes provided by statute. Although the stalute does not provide that an appeal shall lie to the circuit court from the judgment of a justice of the peace, and a jury of two slave-holders, upon a slave convicted of an offence punishable with stripes, and although the circuit court cannot inquire into the propriety of such judgment, it may, nevertheless, look at the facts for the purpose of ascertaining whether the costs of such a prosecution have been taxed against the proper party.
The statute, (H. & H. 164, sec. 40,)' provides that, upon the committal of a slave of the offence of larceny, the master, employer, or overseer, shall stand charged with the costs of the prosecution. The act evidently designs to annex the liability for costs to the master, employer or overseer, accordingly as either has the care of a slave at the time of his commission of the offence. The object of the law is to render the immediate controller of the slave watchful over his conduct, and thus prevent, to some extent, the consequences which may arise from *127 the slave’s ignorance of moral obligation. This view of the law is manifest from the provisions of another statute. H. & H. 171, sec. 58.
The judgment of the circuit court is therefore reversed, and the cause directed to be there reinstated for further proceedings!